# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SALLIE BINGHAM, an individual | ) |
| PLAINTIFF | ) |
| v. | ) Case No. 3:24-cv-00211-CRS |
| KENTUCKY FOUNDATION FOR WOMEN, INC. | ) |
| DEFENDANT. | ) |

### AFFIDAVIT OF SHARON LARUE

Affiant, Sharon Larue, being first duly sworn, deposes and states as follows:

1. I am over the age of 18 years old and am competent to testify. I have personal knowledge of the matters set forth herein.

2. I have been employed as the Executive Director of Kentucky Foundation for Women, Inc. ("KFW"), since 2014.

3. KFW is a Kentucky non-profit corporation that is recognized as exempt under section 501(c)(3) of the Internal Revenue Code of 1986, as amended. KFW's mission is to support female artists, primarily through financial grants.

4. I am not an attorney and have no legal training.

5. During my time as Executive Director, KFW has employed a staff of approximately 2-3 full-time employees and approximately 2-3 part-time employees at any given time. None of those employees have been attorneys or had legal training.

6. My responsibilities include, among other things, interacting with KFW's outside legal counsel to address KFW's various needs for legal advice.

7. When I became Executive Director, the law firm of Dentons Bingham Greenebaum

LLP ("Dentons"), which at that time operated under a different name, was already KFW's primary outside counsel. My understanding is that Dentons (and its predecessor firms) had been KFW's primary outside counsel for many years prior to my arrival at KFW and possibly since KFW's inception.

8. When I became Executive Director, Brent Baughman was a partner at Dentons and served as KFW's primary contact at Dentons. Mr. Baughman's primary expertise was in employment matters, but I consulted with him on all of KFW's legal matters, including, but not limited to, employment issues, tax laws, rules governing our non-profit status, IT, lease agreements, real estate, issues related to Hopscotch House, and more. Mr. Baughman would obtain assistance from other attorneys at Dentons in other specialized fields as needed. Mr. Baughman served in that role and in that way during the entirety of my time with KFW until March 18, 2024, as explained further below. During that time, there was no break in Dentons's representation of KFW. Our engagement was on-going and served nearly every KFW need for legal advice and representation during that entire time. Whenever I contacted Dentons for legal advice, I do not recall KFW signing engagement letters or agreements to limit the scope of the firm's representation. Rather, Dentons provided advice as part of its ongoing and long-standing attorney-client relationship with KFW.

9. Since 2018, I have consulted with Mr. Baughman and other attorneys at Dentons regarding at least several issues that are now part of this lawsuit filed against KFW by Sallie Bingham. Those issues included, but were not necessarily limited to, disagreements between KFW and Ms. Bingham regarding the use of her property that surrounded KFW's Hopscotch House property, Ms. Bingham's attempt to secure a right of first refusal to purchase Hopscotch House so that Hopscotch House would not be purchased by a developer, and protecting KFW's reputational

2

rights in response to defamatory statements made by Ms. Bingham (which she made in response to KFW listing Hopscotch House for sale). For those issues, I shared privileged substantive information with Dentons, and Dentons provided legal advice.

10. On March 5, 2024, I contacted Mr. Baughman seeking legal advice about an issue that is now a claim in this lawsuit. In response, Mr. Baughman asked for a phone call to discuss background information. On or about that same day, I spoke with Mr. Baughman on the phone. We discussed my inquiry and goals in substantive detail, and I sought legal advice about KFW's options. Mr. Baughman told me he would look into the issue further and contact me.

11. The next communication I received from Mr. Baughman was a March 18, 2024 letter stating that Dentons was "terminating [its] attorney-client relationship" with KFW.

12. Eleven days later, Dentons filed the Complaint against KFW in this case on behalf of Ms. Bingham, which concerns Hopscotch House.

13. Without its long-time outside counsel, KFW engaged the law firm of Wyatt, Tarrant & Combs LLP ("Wyatt") to represent KFW in Ms. Bingham's lawsuit.

14. On or about March 13, 2025, I mentioned to my attorney at Wyatt, Matthew Palmer-Ball, that Dentons had previously represented KFW. I had not previously informed Mr. Palmer-Ball about KFW's relationship with Dentons. I had not considered it relevant or consequential. The topic arose at that time by happenstance while we were discussing a matter related to the case.

15. Before approximately March 13, 2025, I did not understand the meaning or implications of a conflict of interest in a legal setting, including litigation. I was not aware until that time that rules could preclude Dentons from representing a client in a lawsuit against KFW or that it was a possibility to explore with legal counsel.

3

16. I am not aware of Dentons ever advising KFW about potential conflicts of interest or their implications.

17. I am not aware of Dentons ever obtaining a waiver of conflicts of interests from KFW.

18. I am not aware of any communication from Dentons informing KFW that it intended to pursue this lawsuit on behalf of Bingham, or that Mr. Baughman and any other attorney who previously provided advice to KFW, or on its behalf, were screened away from participation in Dentons' representation of Bingham in this matter.

19. Because of the length and comprehensive scope of its relationship with Dentons, and because no employee or staff member has been involved with KFW nearly as long as Dentons had been, KFW relied on Dentons for its institutional memory and knowledge of past strategies and organizational decisions. Losing that relationship has caused significant detriment to KFW, especially as it finds itself defending against a lawsuit that involves past events that Dentons was involved in but that no current KFW employee or board member was.

4

_____
Sharon LaRue
Executive Director
Kentucky Foundation for Women, Inc.

COMMONWEALTH OF KENTUCKY )
                         )
COUNTY OF JEFFERSON      )

    The foregoing instrument was sworn to and acknowledged before me this 10th day of April, 2025, by Sharon LaRue.

    My commission expires: _____

NOTARY PUBLIC

Ursula G. Beam, Notary Public
Kentucky, State at Large
My Commission Expires April 6, 2025
ID# KYNP23860

101909648