# EXHIBIT C



|  |  |
|---|---|
| **Jon Salomon** | Dentons Bingham Greenebaum LLP |
| jon.salomon@dentons.com | 3500 PNC Tower |
| D  +1 502 587 3651 | 101 South Fifth Street |
|  | Louisville, KY  40202 |
|  | United States |
|  | dentons.com |

March 20, 2025

***Via Electronic Mail***

Matthew R. Palmer-Ball, Esq.
Wyatt, Tarrant & Combs, LLP
400 West Market Street, Suite 200
Louisville, KY 40202-2898
*mpalmerball@wyattfirm.com*

      Re:     *Bingham v. Ky. Found. for Women*, *Inc.*, No. 3:24-CV-211-CRS (W.D. Ky.)

Dear Matt:

I am writing in response to your email correspondence of March 17, 2025, which suggests for the first time – nearly a year after our filing of the above lawsuit – that Dentons has "an irreparable conflict of interest" in representing Sallie Bingham in connection with her pending claims against the Kentucky Foundation for Women, Inc. ("KFW") for breach of contract, promissory estoppel, unjust enrichment and an accounting.  It does not appear coincidental that your email arrived on the heels of the Court's orders dismissing in large part KFW's purported counterclaims against Ms. Bingham – and further ordering KFW to finally participate in a Rule 26(f) conference, which just last week you agreed to schedule for this coming Wednesday, March 26, 2025 at 2:00 p.m.

In short, we disagree vehemently with the unfounded allegations set forth in your email – and after consulting with our firm's General Counsel, stand by our initial conclusion that there is no conflict of interest under the Kentucky Rules of Professional Conduct that precludes our firm from representing Ms. Bingham in connection with her pending claims against KFW, or requires us to obtain KFW's consent.

Contrary to your suggestion, we are not aware that any of our firm's lawyers have offered legal advice to KFW in connection with the limited matters involved in the pending lawsuit.  Instead, Brent Baughman (and other lawyers who departed our firm years ago) consulted in the past with KFW on unrelated employment law issues – at which time there was never any apparent conflict of interest between our firm's separate representations of Ms. Bingham and KFW.  Indeed, we understood that KFW had engaged the Husch Blackwell firm in St. Louis to advise it separately in connection with the matters mentioned in your email.

Early last year, when KFW's current Executive Director, Sharon LaRue, attempted to raise with Mr. Baughman certain statements allegedly made by Ms. Bingham, Mr. Baughman informed Ms. LaRue that he could not offer related advice to KFW.  As you are aware, on March 18, 2024, Mr. Baughman then notified Ms. LaRue in writing that "we are not representing the Foundation in any current matter, and we have no agreements regarding the performance the performance of any future legal services, and that "[g]iven these circumstances, we are terminating our attorney-client relationship with the Foundation,

**Puyat Jacinto & Santos** ► **Link Legal** ► **Zaanouni Law Firm & Associates** ► **LuatViet** ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms



effective immediately." Mr. Baughman further indicated that, "[w]e do not believe that this termination will prejudice the Foundation." We received no objection from KFW.

In light of these circumstances, our firm plainly had no attorney-client relationship with KFW at the time it filed the pending lawsuit on behalf of Ms. Bingham, or at any time thereafter – and there can be no concurrent conflict of interest pursuant to SCR 3.130(1.7) or SCR 3.130(1.8).

Moreover, SCR 3.130(1.9) simply is not implicated on the present facts. Neither Mr. Baughman nor any other lawyer at our firm formerly represented KFW in connection with "the same or a substantially related matter" – and in any event, Mr. Baughman is not participating in the pending lawsuit. SCR 3.130(1.9)(a).

In addition, SCR 3.130(1.9)(c) requires only that subject to certain exceptions, our firm's lawyers may not use information relating to our past representation of KFW to its disadvantage or reveal information relating to the past representation. Your email does not suggest that any such information has been used or revealed here – and I can assure you that the lawyers participating in the pending lawsuit are not aware of any information acquired during our firm's previous consultations with KFW – much less any material information protected by SCR 3.130 (1.6) or SCR 3.130 (1.9(c)).

Put simply, there is no merit to your untimely accusation of "an irreparable conflict of interest for Dentons in this case," which instead appears to have been interposed solely in furtherance of KFW's continuing efforts to delay discovery in connection with Ms. Bingham's claims notwithstanding the Court's clear directive to the contrary. Indeed, throughout the course of the pending lawsuit, your client has at all times been aware of its unrelated past consultations with our firm. As a result, not only are KFW's allegations of an "irreparable conflict" meritless, but they have also long been waived. *See, e.g., Osborn v. Griffin*, No. 2011-89, 2012 WL 12924812, **8-9 (E.D. Ky. Aug. 23, 2012) (citing *In re Valley-Vulcan Mold Co.*, 5 Fed. Appx. 396, 401 (6th Cir. 2001)).

Please let us know as soon as possible if you no longer intend to make yourself available for our scheduled Rule 26(f) conference next week.

Sincerely,

Jon Salomon

JS: