UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-211-CRS

VICTORIA BUSTER                                                              PLAINTIFF
   *As Personal Representative of the Estate of Sallie Bingham*
v.

KENTUCKY FOUNDATION FOR WOMEN, INC.                         DEFENDANT

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action arose from a dispute over the potential sale of certain real property located off Wolf Pen Branch Road in Jefferson County, Kentucky which the Kentucky Foundation for Women, Inc. bought. There are currently four motions that are before the Court. The Foundation has filed two of those motions: (1) a Motion to Disqualify counsel for the plaintiff and (2) a Motion for Protective Order temporarily staying discovery until after the disqualification motion is decided. Both motions are premised on the Foundation's assertion that Bingham's counsel—the law firm of Dentons Bingham Greenebaum LLP ("Dentons")—has "an irreparable conflict of interest" which requires its disqualification from representing the plaintiff. The remaining two motions were filed by Plaintiff (hereinafter, "Bingham"). They are (1) a Motion for Sanctions which is premised on the Foundation's refraining from participating in discovery and (2) a Motion for a Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) as to Count 6 of the Foundation's Counterclaim. Unlike the other three pending motions, the Motion for a Judgment on the Pleadings is not related to whether Bingham's counsel should be disqualified.

After careful consideration of the parties' briefs and the affidavits filed in connection with the Foundation's disqualification motion, the Court finds that an evidentiary hearing on that motion should be held. As a result, ***for now***, the Court will deny the Motion to Disqualify Counsel (DN 31). The Court's decision to set an evidentiary hearing should ***not*** be interpreted as any sort

of an expression as to the merits of the Foundation's Motion. Nor should the Court's denial of the Foundation's Motion at this juncture be taken as an expression as to the merits of its Motion. Rather, the Court simply prefers to set a post-hearing briefing schedule that will permit the parties to include in a single set of briefs all record evidence that will then be before the Court. The Court's decision to set an evidentiary hearing warrants staying discovery in this matter. Accordingly, the Court will grant the Foundation's request for a stay, albeit on different grounds.

Next, the Court will deny Bingham's Motion for Sanctions (DN 34). Bingham has asked the Court to sanction the Foundation for its failure to comply with the Court's March 6, 2025 Order directing the parties to participate in a Rule 26(f) conference. Motion, DN 34 at PageID# 248. Bingham's Motion seeks an "order compelling the Foundation's participation in the discovery process, including the submission of a joint discovery plan and full responses to her First Set of Discovery Requests served March 26, 2025." *Id.* Bingham also seeks her attorney fees and costs in bringing the motion. The Court's decision to hold an evidentiary hearing as to whether Dentons should be disqualified effectively moots its motion to compel participation in discovery. Whether Dentons can continue to represent Bingham must be decided first. *Bowers v. Ophthalmology Group*, 733 F.3d 647, 654 (6th Cir. 2013) (disqualification motions take priority due to risk that other motions may be informed by confidential information disclosed to counsel who may be disqualified). Given this circumstance, fees and costs are not warranted.

That brings the Court to Bingham's Motion for a Judgment on the Pleadings (DN 46). Although that Motion was filed by the Dentons firm, the Foundation has not opposed it on that ground or any other ground. No response to the Motion was filed by the Foundation. The Motion seeks a judgment in Bingham's favor on Count 6 of the Foundation's counterclaim for defamation. The Motion is based on KRS 411.140 which states that a cause of action for slander or liable dies

with the person who committed the injury. *Hayes v. Rodgers*, 447 S.W.2d 597 (Ky. 1969) (claim for slander or liable ceases to exist with the death of the accused person). Given Bingham's death, her Personal Representative has moved for a judgment on the pleadings with respect to Count 6. *See* Proposed Order, DN 46-1 at PageID# 529 (proposing dismissal of "Count VI.").

Because the Motion requires the Court to consider matters outside the pleadings, it should have been made under FED. R. CIV. P. 56. Even so and while Bingham does not make this argument, the Court may consider public records without converting a Rule 12(c) motion to a Rule 56 motion. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Such a record has been filed with the Court. *See* Probate Order, DN 43-1. Moreover, Bingham's death is not confidential information held by the Foundation or disclosed by it to Dentons. Thus, there is no risk that Dentons used such information in preparing the Motion. *Bowers,* 733 F.3d at 654. Under the present circumstances, the Court can and will, by separate order, grant Bingham's Motion for a Judgment on the Pleadings as to Count 6 of the Foundation's counterclaim.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Foundation's Motion For Protective Order **(DN 29)** is **GRANTED**. Discovery in this action is hereby **STAYED** until such time as the Court resolves whether Dentons should be disqualified from representing Bingham. The Foundation's Motion to Disqualify **(DN 31)** is **DENIED** without prejudice to refiling as explained herein. The Clerk of Court is **HEREBY DIRECTED** to contact the parties for the purpose of setting an evidentiary hearing. Bingham's Motion for Sanctions **(DN 34)** is **DENIED**. By separate order, the Court will grant Bingham's Motion for a Judgment on the Pleadings (DN 46).

**IT IS SO ORDERED**.

March 31, 2026



Charles R. Simpson III, Senior Judge
United States District Court